## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAMIAN DUQUESTRADA** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-2779** |
| **CORNELL HUBERT, WARDEN** | * | **SECTION: "J"(6)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing.

For the reasons set forth below, it is **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner Damian Duquestrada, a prisoner presently incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, seeks federal habeas corpus relief from his May 9, 2002, conviction, sentence and adjudication and sentence as a second felony offender pursuant to La. R.S. 15:529.1.  Petitioner pleaded guilty regarding two counts of distribution of cocaine, violations of La. R.S. 40:967, under case No. 02-0490, after a jury had been selected.  Petitioner's guilty plea was rendered pursuant to a plea bargain agreement which included petitioner pleading guilty in four other cases plus his plea of guilty to being a second felony offender.[1]  The trial court originally sentenced petitioner to serve twenty years of incarceration at hard labor on each count of distribution of cocaine, to be served concurrently.   Immediately thereafter, petitioner pleaded guilty to a multiple bill of information charging him as a second felony offender.  The trial court accepted the guilty plea; adjudicated petitioner as a second felony offender; vacated its previous sentence and sentenced petitioner to serve twenty years imprisonment at hard labor under La. R.S.

---

[1]See State Record, Vol. 1, Transcript of Proceedings, May 9, 2002, **State of Louisiana v. Damian Duquestrada,** Numbers 01-4370 (charging possession of a dangerous substances, in violation of La. R.S. 40:967C); 01-4939 (charging theft of property valued over $500.00, in violation of La. R.S. 14:67.10); 01-5776 (carrying a weapon and possession of drug paraphernalia, in violation of La. R.S. 14:95 and 1033); 01-6230 (charging sexual battery in violation of La. R.S. 14:43.1); and, 02-0490 (charging two counts of distribution of cocaine in violation of La. R.S. 40:967A).

15:29.1.[2]

       Petitioner did not directly appeal his conviction and sentence.  However, he filed a motion, via letter, seeking production of his **Boykin** transcript on May 20, 2002.  The court granted the motion on June 11, 2002.[3]  On May 10, 2004, petitioner filed an application for post-conviction relief (PCR) on the following grounds:  that his habitual offender status is unconstitutional because the cleansing period has elapsed on his predicate offense; that his counsel was ineffective, as he failed to perform proper duties and provided improper advice; and, that his sentence is illegal as imposed.[4]  The court denied the application for PCR on May 12, 2004.[5]  Petitioner applied for supervisory writs and/or review in the Louisiana Court

---

[2]State Record, Vol. 1, Minute entry dated May 9, 2002, Tab. #1.  **State v. Damian Duquestrada,** No. 02-0490, 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

[3]See State Record, Vol. 1, Order dated June 11, 2002.

[4]See State Record, Vol. 1, PCR Application and Memorandum.  Tab. No. 4-A.

[5]See State Record, Vol. 1, Order dated May 12, 2004.  Tab. No. 4.  The court said, in pertinent part:

> In his first assignment of error, defendant claims that his multiple offender status is unlawful.  The defendant claims that a five (5) year 'cleansing period" had elapsed between his predicate offense and the offense for which he was classified as a habitual offender.
>
> Pursuant to LSA R.S. 15:529.1(C), however, the "cleansing period" is ten (10) years and not five (5) years.  Therefore, defendant's interpretation of the statute is incorrect and his motion must fail according to Louisiana law.  Moreover, pursuant to **State v. Fletcher,** 811 So.2d 1010, 01-809 (La. App. 5 Cir. 2/26/02), the cleansing period to be applied, for purpose of determining whether the prior offense may be used in a habitual offender proceeding, is the period in effect at the time the defendant committed the instant offense.

of Appeal, Fifth Circuit on June 28, 2004.[6]  The Fifth Circuit denied the writ on July 7,

_____

In the instant case, defendant was billed on his last crime on August 23, 2001, and pled guilty on May 9, 2002.  Defendant was discharged from his previous charge of possession of cocaine on June 3, 1993.  Thus, defendant was classified as habitual offender within the ten (10) year cleansing period.

In his second assignment of error, defendant alleges that counsel was ineffective for failing to file a motion to quash the cleansing period used for multiple bill purposes.  This claim is without merit because defendant was appropriately billed within the cleansing period.  Further, the Supreme Court of the United States established the standards for the claim of ineffective assistance of counsel in **Strickland v. Washington,** 466 U.S. 668 (1984).  The test established by the Supreme Court provides that in order for a claim of ineffective assistance of counsel to prevail, the petitioner must show the counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and that the deficient performance prejudiced the defense in that the errors were so serious as to deprive petitioner of a fail trial.

. . .

The defendant's claims are essentially with his counsel's decisions regarding motions raised at trial.  These are considered trial tactics for purposes of evaluating the performance of defendant's counsel.  Thus, defendant's claim must fail because his counsel's action at trial was considered trial tactics and under the **Strickland** test, the defendant has failed to meet the two-pronged test.

In his third assignment of error, defendant alleges that his sentence is illegal as imposed.  Defendant's claim is a sentencing issue and is not properly before this Court on Post-Conviction.  **State v. Norwood,** 2001-0432, 802 So.2d 721 (La. App. 4 Cir. 8/29/01).  Thus, defendant's claim is dismissed.

Accordingly,

**IT IS ORDERED BY THE COURT** that defendant's application be and the same is hereby **DENIED.**

_____

[6]See State Record, Vol. 1, Tab. No. 5.

4

2004.[7]  The court said:  "On the presentation, the application discloses no error in the trial court's ruling of May 12, 2004, on relator's Application for Post Conviction Relief. Accordingly, this writ application is denied."  On August 2, 2004, petitioner mailed a writ application in the Louisiana Court of Appeal which was filed on August 17, 2004.[8]  The Louisiana Supreme Court denied the writ on June 3, 2005.[9]  The court relied upon La. C.Cr. P. art. 930.3; and **State ex rel. Melinie v. State,** 93-1380 (La. 1/12/96), 665 So.2d 1172.

Petitioner filed his application for federal habeas corpus relief on June 8, 2005, the day he signed the petition and presented it to the prison authorities for mailing.[10]  The claims brought by petitioner are:   that his adjudication as a habitual offender is unconstitutional, in violation of the Fifth Amendment; that petitioner was denied effective

[7]See State Record, Vol. 1, Tab. No. 6, for a copy of the ruling.  **State ex rel. Damian Duquestrada v. State of Louisiana,** No. 04-KH-767 (La. App. 5th Cir. June 28, 2004).

[8]See State Record, Vol. 1 Tabs. No. 7 and 8.

[9]**State ex rel. Damian Duquestrada v. State of Louisiana,** No. 2004-2120 (La. 6/3/05). See State Record, Vol. 1, Tab. No. 9, for copy of ruling.

[10]This June 8, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, June 8, 2005, is presumed to be the date he delivered it to prison officials for mailing.  *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

5

assistance of counsel; and, that he received an excessive sentence in violation of the Eighth and Fourteenth Amendments.[11]  The state filed its response in opposition on December 2, 2005, therein arguing that the petition should be dismissed as untimely, and that the claims are procedurally defaulted.

This Court's review of the record shows that the claims have been exhausted in the state's highest court.  See Title 28, United States Code, Section 2254(b)(1)-(3); **Rose v. Lundy,** 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[12] *See* Title 28, United States Code, Section 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment became final on May 17, 2002, (excluding weekends), when the five day deadline for filing

---

[11]See Fed. Record, Doc. No. 3, Petition and Memorandum.

[12]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  **Lindh v. Murphy,** 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

a notice of appeal expired.[13]  Thus, petitioner had a year from May 17, 2002, or until May 17, 2003, to timely seek federal habeas corpus review.

Petitioner did not file the instant action until June 8, 2005, more than two years after his limitation period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner's state application for post-conviction relief (PCR) was meter- filed on May 10, 2004.  However, he signed his PCR on April 29, 2004.  Thus, for limitation

---

[13]At the time of petitioner's conviction and sentence, Louisiana Code of Criminal Procedure Article 914 provided:

A.  A motion for an appeal may be made orally in open court or by filing a written motion with the clerk.  The motion shall be entered in the minutes of the court.

B.  The motion for an appeal must be made no later than:

(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.

(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

Pursuant to Acts 2003, No. 949, Section 1, La. C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to appeal their conviction and/or sentence.

purposes, April 29, 2004, will be deemed his filing date.[14]  By that time, petitioner's one year

prescriptive period had expired by 347 days.  Thus, this matter would appear to be time-

barred, absent a basis for equitable tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'"

**Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), quoting **Davis v. Johnson**, 158 F.3d

806 (5th Cir. 1998), <u>cert</u>. <u>denied</u>, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).

It "applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights."  **Coleman v.**

**Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), citing **Rashidi v. American President Lines**,

96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred

by matters outside his or her control, was nevertheless diligent in his or her pursuit of

Section 2254 relief.  **Coleman**, 184 F.3d at 403.

Petitioner has filed an opposition to defendant's response (Rec. Doc. 9) in

which he claims that his petition should be reviewed under the "confines of equitable

tolling."  Petitioner does not provide the court with any basis for his claim, however.

Review of the record reveals one possible, but ultimately unsuccessful claim

for equitable tolling.  Petitioner requested a copy of his **Boykin** transcript on May 20, 2002,

---

[14]See State Rec., Vol. 1, for a copy of the PCR.  The April 29, 2004, filing date is
founded upon the application of the mail box rule for pro se filings by prisoners.  Also see
**Causey v. Cain,** 450 F.3d 601 (5th Cir. 2006).  (State Court pleading filed by pro se petitioner
deemed filed when it is delivered to prison authorities for forwarding to the district court.)

but was not provided with one until January 28, 2003.[15]  To the extent petitioner might be arguing that the delay in receiving the transcript warrants equitable tolling, the claim must be denied.  Petitioner has not alleged that the transcript was necessary to bringing his post-conviction claims.  Petitioner was present at his guilty plea and sentencing thus his legal arguments should have been apparent to him without possession of his **Boykin** transcript.  Without a showing that the transcripts were necessary, a state court's delay in furnishing the petitioner with a transcript does not establish a basis for equitable tolling.  **Hickerson v. Kaylo**, 2004 WL 241688 (E.D. La. 2004) (citations omitted) (Berrigan, J.); See also **Cade v. Miller**, 2005 WL 3541142 (E.D. La. 2005) (Berrigan, J.); **Holmes v. Jones,** 2003 WL 122311 (E.D. La. 2003) (Duval, J.); **Brisbon v. Cain**, 2000 WL 45872 (E.D. La. 2000) (Chasez, M.J.).

Moreover, even if the court were to toll the limitations period for the time that petitioner was waiting for the transcript, petitioner still allowed more than a year to pass from the time be received the transcript until he filed his first state post-conviction application.  Petitioner's delay in filing demonstrates that he was not diligent in seeking his post-conviction remedies.

Accordingly,

---

[15]See State Record, Vol. 1, for a copy of petitioner's letter requesting the transcript.  See also copy of trial court's order dated June 11, 2002, granting petitioner's request but indicating that the transcript could not be available until January 28, 2003.

## RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the petition of Damian Duquestrada for issuance of a writ of habeas corpus be **DENIED** with prejudice as untimely.[16]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of  April, 2007.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[16]Since the court determines that petitioner's federal habeas is untimely filed, the issue regarding whether his claims may also be procedurally defaulted is pretermitted.

10